## N. C. CARGILL *v.* THE STATE.

FALSE IMPRISONMENT. — Unavoidable delay of a peace-officer in taking bail for a prisoner is not false imprisonment under the Penal Code.

APPEAL from the County Court of Wise. Tried below before the Hon. W. H. BULLOCK, County Judge.

The complaint, it appears, was filed by a party who was arrested for drunkenness in the town of Decatur, by the appellant, who was marshal of the town. The arrest was made late in the evening, and it seems that the prisoner "sobered up" enough in a few hours to send for a friend, who told the appellant he would procure any bail required to release the prisoner. The appellant, however, kept the party in the calaboose until the next morning, when the latter pleaded guilty of drunkenness, in the mayor's court, was fined, and released.

The fine imposed on the appellant in this prosecution was $1, — who doubtless appeals on the patriotic principle of "millions for defence, but not a cent for tribute!"

*A. J. Wyatt*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The by-law or ordinance of the town of Decatur introduced in evidence would seem to indicate that

the duty of taking and approving the bail-bond of a party arrested for an offence against the town devolved upon the mayor, and not upon the marshal. In that view of the case, the bond should have been tendered to the former officer, and the latter cannot be held criminally accountable for the false imprisonment, if in fact any such offence was committed. A mere unavoidable delay in taking bail of a person arrested for crime ought not, and, we believe, does not subject an officer to a prosecution for false imprisonment, it not being a wilful detention of another against his consent, and where it is not expressly authorized by law. Penal Code, art. 513.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*